[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
Date of Decision: February 22, 1994
Application for review of sentence imposed by the Superior Court, G.A. 12 at Bridgeport.
Docket No. CR 92-78674;
Andrew S. Liskov, Esq., Defense Counsel, for Petitioner
Linda Howe, Esq., Assistant State's Attorney, for the State.
Sentence Affirmed.
BY THE DIVISION:
Following a jury trial, the petitioner was found guilty Escape, 1st degree in violation of general statutes 53a-169(a)(2), and sentenced to a term of three years consecutive to sentence he was serving. (Escape, 1st degree in a Class `C' felony with a maximum penalty of ten years).
On December 4, 1991 the petitioner was convicted of multiple offenses, the most serious one being Burglary, 3rd degree, and was sentenced to an effective term of five years, execution suspended after three years, with a three year probationary period.
On February 4, 1992 he was released to the Community Residence Program (SHR) and placed under parole supervision. He had signed a Community Residence Agreement and was required to report to his parole officer every Tuesday and Thursday. On April 9, 1992 he failed to report and subsequent efforts by the parole officer to CT Page 2492 reach the petitioner were unsuccessful. His whereabouts were unknown and a warrant charging escape was issued under the applicable statute, and he was arrested in August, 1992.
Counsel for the petitioner argues that the sentence imposed was disproportionate and supplies the Division with a statistical analysis which he claims shows that the majority of defendants similarly charged received sentences of one year or less, and that between 1991 and 1993 the only person in G.A. 2 receiving a three year sentence was the petitioner. He concedes, however, that most if not all of the cases used in the statistical analysis were plea bargained cases. He also argues that the petitioner committed no new offenses while on the community release program and that, since the crime was essentially only failing to report, there was no aggravating factor by which the sentence should be enhanced.
It appears that this is more than a mere failing to report. The arrest warrant affidavit alleges that when the petitioner failed to report on April 9, 1992 and on subsequent scheduled dates, the parole officer called the petitioner's brother and left instructions that he report on April 28, 1992. The petitioner failed to do so. A letter was sent to the petitioner instructing him to report on May 13, 1992. The petitioner failed to do so.
A home visit on May 13, 1992 found no one residing at the location where the petitioner was supposed to be. On May 27, 1992, the petitioner's brother told the parole officer that he had not seen the petitioner in several weeks and his whereabouts were unknown.
In his remarks to the Division the petitioner stated that he was working in New York and therefore could not report as required. He obviously made a deliberate and thoughtful decision to take that action.
One of the considerations in imposing a sentence is that of rehabilitation. The sentencing court had before it a person who had been given the benefit of a rehabilitative program through the supervised home release offered by the Department of Corrections. He was aware that violation of its conditions was a felony punishable by up to ten years and yet he made a conscious decision to do just that.
Even then he did not take that first step toward rehabilitation by admitting his wrong-doing and acknowledging his CT Page 2493 crime. See State v. Willis, Sup. Ct., J.D. of Fairfield, DN 34261 (6/25/91), and State v. Lopez, 5 Conn. App. 599, 611 (1985), but instead evidenced that the prospects for rehabilitation diminished by forcing the state to prove his guilt at a jury trial.
An essential ingredient of plea bargaining is the recognition that a trial may produce a less favorable result for the defendant. State v. Rice, 172 Conn. 94 (1976).
The Division has reviewed this sentence pursuant to the criteria of P.B. 942 and concludes that it is neither inappropriate nor disproportionate. It is affirmed.
Klaczak, J.
Purtill, J.
Norko, J.
Purtill, Klaczak and Norko, J.s, participated in this decision. CT Page 2494
[EDITORS' NOTE: CT Page 2495 to 2514 are blank.] CT Page 2515